JASON PECK, ESQ.
Nevada Bar No. 10183
LAW OFFICES OF JASON C. FOULGER
Mailing Address: P.O. Box 7218
London, KY 40742
Physical Address: 7251 West Lake Mead Blvd, Suite 250
Las Vegas, NV 89128
702-228-3176
866-221-6108 Fax
Email: LVcalendaring@LibertyMutual.com
Attorney for Defendant
VPC LAS VEGAS STRIP PIZZA, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES R. GROTEFEND an Individual<br><br>Plaintiff,<br><br>v.<br><br>VPC LAS VEGAS STRIP PIZZA, LLC, a foreign limited liability company; JGB VEGAS RETAIL LESSEE, LLC, a foreign limited liability company; PARBALL NEWCO, LLC, dba HORSESHOE LAS VEGAS, a foreign limited liability company; ABV HARVEST, LLC, a Delaware limited liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Defendant VPC Las Vegas Strip Pizza, LLC ("VPC"), by and through its undersigned attorney, Jason Peck, Esq. of the Law Offices of Jason C. Foulger hereby removes the above-captioned case to the United States District Court pursuant to 28 USC § 1332, 1441, and 1446.

1. The above-entitled action was commenced in the Eighth Judicial District Court, Clark County, State of Nevada, on June 25, 2025, bearing case number A-25-921876-C. The action is now pending in the Eight Judicial District Court, Clark County, State of Nevada.
2. This action is for personal injury resulting from an alleged fall at 3635 S. Las Vegas Boulevard, Las Vegas, NV 89109 and/or 3645 S. Las Vegas Boulevard, Las Vegas, NV 89109.

3. At the commencement of this action, Plaintiff Charles R. Grotefend alleges to be a resident of the State of Wyoming and currently resides in the State of Montana.

4. Defendant VPC is a limited liability company organized under the state of Delaware with its members being citizens of Illinois.

5. Plaintiff alleges that Defendant JGB Vegas Retail Lessee, LLC ("JGB") is a non-Nevada limited liability company. JGB has appeared in the state action by filing a Demand for Security of Costs. JGB consents to removal.

6. Plaintiff alleges that Defendant Parball Newco, LLC dba Horseshoe Las Vegas ("Parball") is a non-Nevada limited liability company. Parball has not appeared in the state action, and it is unknown if Parball has been served with the Summons and Complaint.

7. Plaintiff alleges that Defendant ABV Harvest, LLC ("ABV") is a Delaware limited liability company. ABV has not appeared in the state action, and it is unknown if ABV has been served with the Summons and Complaint.

8. DOES I through X and ROE CORPORATIONS I through X are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

9. Plaintiff served his Complaint on VPC on July 30, 2025, which has triggered the 30-day removal period provided by 28 U.S.C. § 1446(b). As such, this Notice of Removal is filed timely as it is being filed within 30 days of service.

10. Plaintiff has alleged his damages are "well in excess of" $75,000.00. See Complaint ¶ 22, 36 and 48 attached hereto as Exhibit A.

11. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

12. Accordingly, this action is eligible for removal pursuant to 28 U.S.C. § 1441, which provides that a defendant may remove a case over which the federal court has original jurisdiction. A copy of the Summons and Complaint are attached hereto as "Exhibit A". A copy of the Demand for Security

of Costs filed by JGB is attached hereto as "Exhibit B". No other pleadings or documents have been filed in the state action.

13. Counsel is providing Plaintiff, by and through his counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, counsel will file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, where the action is currently pending.

Dated this 26th day of August 2025.

LAW OFFICES OF JASON C. FOULGER

/s/ Jason Peck, Esq.
By______________________________

JASON PECK, ESQ.
Nevada Bar No. 10183
P.O. Box 7218
London, KY 40742
Attorney for Defendant
VPC LAS VEGAS STRIP PIZZA, LLC

# Notice of Removal Exhibit Index

| Exhibit | Description |
|---|---|
| A | Summons and Complaint |
| B | Defendant JGB Vegas Retail Lessee, LLC's Demand for Security of Costs |

# Exhibit A - Summons and Complaint

Electronically Issued
6/25/2025 10:50 AM

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CHARLES R. GROTEFEND an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>VPC LAS VEGAS STRIP PIZZA, LLC, a foreign limited liability company; JGB VEGAS RETAIL LESSEE, LLC, a foreign limited liability company; PARBALL NEWCO, LLC, dba HORSESHOE LAS VEGAS, a foreign limited liability company; ABV HARVEST, LLC, a Delaware limited liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>Dept. No.: |

CASE NO: A-25-921876-C
Department 11

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

**VPC LAS VEGAS STRIP PIZZA, LLC**

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the date of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

**HENNESS & HAIGHT**

By: */s/ David T. Gluth*
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
8972 Spanish Ridge Avenue
Las Vegas, NV 89148
(702) 862-8200
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
**CLERK OF COURT**

By: Maxine Fuentes
Deputy Clerk 7/1/2025
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89101
Maxine Fuentes

Electronically Filed
6/25/2025 10:50 AM
Steven D. Grierson
CLERK OF THE COURT

COMJD
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 862-8200 – telephone
(702) 862-8204 – facsimile
David@hennessandhaight.com
*Attorneys for Plaintiff*

CASE NO: A-25-921876-C
Department 11

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CHARLES R. GROTEFEND an Individual,<br><br>Plaintiff,<br>vs.<br><br>VPC LAS VEGAS STRIP PIZZA, LLC, a foreign limited liability company; JGB VEGAS RETAIL LESSEE, LLC, a foreign limited liability company; PARBALL NEWCO, LLC, dba HORSESHOE LAS VEGAS, a foreign limited liability company; ABV HARVEST, LLC, a Delaware limited liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br>Defendants. | Case No.:<br>Dept. No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, CHARLES R. GROTEFEND, by and through his attorney, attorney of record, DAVID T. GLUTH, ESQ., of the law firm HENNESS & HAIGHT, and for his causes of action against Defendants, and each of them, alleges as follows:

**PARTIES**

1. At all times relevant to these proceedings, Plaintiff, CHARLES R. GROTEFEND ("Plaintiff"), was a resident of the State of Wyoming and currently resides in the State of Montana.

2. That at all times relevant to these proceedings and upon information and belief, Defendant, VPC LAS VEGAS STRIP PIZZA, LLC, was and is a foreign limited liability company authorized to do and doing business in the County of Clark, State of Nevada.

3. At all times relevant to these proceedings and upon information and belief, VCP LAS VEGAS STRIP PIZZA, LLC owned and/or operated the Giordano's restaurant located at 3619 Las Vegas Boulevard South, Las Vegas, Nevada 89109 inside the Grand Bazaar Shops.

4. That at all times relevant to these proceedings and upon information and belief, Defendant, JGB VEGAS RETAIL LESSEE, LLC, was and is a foreign limited liability company authorized to do and doing business in the County of Clark, State of Nevada.

5. At all times relevant to these proceedings and upon information and belief, JGB VEGAS RETAIL LESSEE, LLC owned, managed, and/or operated the Grand Bazaar Shops where this incident occurred.

6. That at all times relevant to these proceedings and upon information and belief, Defendant, PARBALL NEWCO, LLC dba HORSESHOE LAS VEGAS, was and is a foreign limited liability company authorized to do and doing business in the County of Clark, State of Nevada.

7. At all times relevant to these proceedings and upon information and belief, PARBALL NEWCO, LLC owned and/or operated the property where this incident occurred.

8. That at all times relevant to these proceedings and upon information and belief, Defendant, ABV HARVEST, LLC, was and is a Delaware limited liability company doing business in the County of Clark, State of Nevada.

9. At all times relevant to these proceedings and upon information and belief, Defendant ABV HARVEST, LLC managed the Grand Bazaar Shops.

10. Pursuant to NRCP 10(d) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues said Defendants by those fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or for similar acts directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to, property managers, employees, contractors, subcontractors, manufacturers, suppliers, maintenance companies, staff, and/or volunteers. Plaintiff will seek leave of this Court to amend his Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained and to join such Defendants in this action.

11. DOES I through X and ROE CORPORATIONS I through X include subsidiaries, parent companies, successors, predecessors in interest, assignees, alter egos, or other individuals or entities liable for the conduct or obligations of the named Defendants. At all relevant times, each named Defendant and DOE/ROE Defendant was acting as the agent, servant, employee, partner, or representative of the others, and was acting within the course and scope of such relationships.

12. Hereinafter, references to "Defendants" include a collective reference to all named Defendants, and all DOE and ROE Defendants who might have performed or failed to perform the same actions hereinafter alleged to have been committed by the named Defendants.

...

...

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter as the matter in controversy exceeds $75,000.00, exclusive of attorneys' fees, interest, and costs, and the incidents, transactions, and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

## GENERAL ALLEGATIONS

14. That on or about September 15, 2023, Plaintiff was lawfully present on the premises located at or near 3635 S. Las Vegas Boulevard, Las Vegas, Nevada 89109 and/or 3645 S. Las Vegas Boulevard, Las Vegas, Nevada 89109, commonly known as the Grand Bazaar Shops at Horseshoe Las Vegas ("Premises").

15. That at said time and place, while walking through the Premises, Plaintiff fell over a planter that had been placed or allowed to remain in the middle of a walkway (the "dangerous condition"), outside the Giordano's restaurant.

16. Upon information and belief, Defendants VPC LAS VEGAS STRIP PIZZA, LLC, and/or other named Defendants, owned the planter and placed it in the walkway outside the Giordano's restaurant constituting a dangerous condition.

17. The dangerous condition constituted a hazardous, non-obvious obstruction in an area where foot traffic was expected, posing an unreasonable risk of harm to patrons using the walkway.

18. That at all times relevant hereto, and upon information and belief, Defendants owned, operated, leased, managed, controlled, maintained, and/or were otherwise responsible for the condition of the Premises.

19. Defendants either created the dangerous condition or had actual or constructive notice of its existence and failed to take reasonable steps to warn of, remedy, or remove the

dangerous condition.

20. As a result of the dangerous condition on the Premises, Plaintiff fell and sustained serious injuries.

21. Defendants failed to exercise reasonable care in maintaining the Premises in a safe condition and failed to provide any adequate warnings, visual cues, protective barriers, or sufficient lighting around the dangerous condition, thereby increasing the risk of harm to patrons using the walkway.

22. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred damages well in excess of seventy-five thousand dollars ($75,000).

23. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered physical injures, the exact nature and extent of which are unknown at this time. Plaintiff also endured pain and suffering in an amount to be determined at trial.

24. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

25. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

26. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff continues to suffer and will continue to suffer a significant deterioration in his enjoyment of life and lifestyle.

27. As a further and direct proximate cause of Defendants' negligence, Plaintiff has suffered loss of income and loss of earning capacity in an amount to be proven at the time of trial.

28. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

## FIRST CAUSE OF ACTION

**(Negligence-as to all Defendants)**

29. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

30. At all relevant times, Defendants, and each of them, controlled the Premises, including the walkway where pedestrian traffic was expected, and owed a duty to maintain and inspect the Premises for the care, safety, and protection of persons lawfully present, including Plaintiff.

31. Defendants owed Plaintiff a duty to exercise reasonable care to avoid creating or allowing the existence of the dangerous condition on the Premises, particularly in areas used by pedestrians, and to prevent exposing Plaintiff to undue danger or unsafe conditions.

32. Defendants created, or knew or should have known through reasonable inspection, of the hazardous and dangerous condition posed by the planter obstructing the walkway.

33. Defendants also had a non-delegable duty to supervise and maintain the Premises in a reasonably safe and suitable condition for its patrons, guests, and invitees, including Plaintiff. Defendants further had a duty to take all reasonable precautions to prevent the presence of dangerous or unsafe conditions on the Premises.

34. Defendants breached their duties by maintaining, creating, or failing to remedy the dangerous condition, and by failing to provide adequate warnings, barriers, or sufficient lighting to protect Plaintiff from the hazardous obstruction in the walkway.

35. Defendants' failure to act with reasonable care resulted in the continued presence of

the dangerous condition, causing Plaintiff to fall and sustain injuries.

36. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred damages well in excess of seventy-five thousand dollars ($75,000).

37. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered physical injures, the exact nature and extent of which are unknown at this time. Plaintiff also endured pain and suffering in an amount to be determined at trial.

38. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

39. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

40. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff continues to suffer and will continue to suffer a significant deterioration in his enjoyment of life and lifestyle.

41. As a further and direct proximate cause of Defendants' negligence, Plaintiff has suffered loss of income and loss of earning capacity in an amount to be proven at the time of trial.

42. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

**SECOND CAUSE OF ACTION**

**(Negligent Hiring/Training/Supervision/Retention – as to all Defendants)**

43. Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

44. Defendants had a duty to exercise ordinary and reasonable care in screening, hiring, training, and supervising their employees to ensure they were qualified and suitable to perform their duties in a reasonably safe manner so as to protect others from unreasonable risk of harm.

45. Defendants had a duty to provide their employees with proper supervision and training to avoid causing harm to the public during the course and scope of their employment. Such training and supervision should have included proper inspection and maintenance of the Premises, as well as identifying and warning patrons of hazardous conditions.

46. Defendants breached their duty by failing to adequately screen, hire, train, supervise, and/or retain their employees, resulting in the failure to properly inspect and maintain the Premises, including, but not limited to, the failure to identify, remove, and/or provide adequate notice of the hazard that constituted the dangerous condition on the Premises.

47. Defendants' negligence in the screening, hiring, training, supervising, and retention of their employees was the actual and proximate cause of Plaintiff's fall and resulting injuries and damages.

48. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred damages well in excess of seventy-five thousand dollars ($75,000).

49. That as a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

50. That as a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses.

51. That as a further direct and proximate result of the aforesaid negligence of

Defendants, and each of them, Plaintiff continues to suffer and will continue to suffer a significant deterioration in his enjoyment of life and lifestyle.

52. As a further and direct proximate cause of Defendants' negligence, Plaintiff has suffered loss of income and loss of earning capacity in an amount to be proven at the time of trial.

53. Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend his Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, in an amount to be determined by a jury as follows:

1. General damages in an amount in excess of $15,000.00;

2. Damages for costs of medical care and treatment and costs incidental thereto, past and future, when the same have been fully ascertained;

3. Pre-judgment and Post-Judgment interest;

4. For damages for loss of income and loss of earning capacity;

5. Reasonable attorneys' fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem proper.

DATED this 25th day of June, 2025.

HENNESS & HAIGHT

*/s/ David T. Gluth*
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff CHARLES R. GROTEFEND, by and through his attorney of record, DAVID T. GLUTH, ESQ. of HENNESS & HAIGHT, and hereby demands a jury trial of all of the issues in the above matter.

DATED this 25th day of June, 2025.

HENNESS & HAIGHT

/s/ *David T. Gluth*
DAVID T. GLUTH, ESQ.
Nevada Bar No. 10596
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff*

# Exhibit B – Defendant JGB Vegas Retail Lessee, LLC’s Demand for Security of Costs

Electronically Filed
8/21/2025 2:49 PM
Steven D. Grierson
CLERK OF THE COURT

**DMSC**
**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**STEFANY TEWELL, ESQ.**
Nevada Bar No. 6144
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
7670 W Lake Mead Blvd, Suite 200
Las Vegas, Nevada 89128
Telephone: (702) 257-1997
Facsimile: (702) 257-2203
lyoung@lgclawoffice.com
stewell@lgclawoffice.com

Attorney for Defendant,
JGB VEGAS RETAIL LESSEE, LLC

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| CHARLES R. GROTEFEND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VPC LAS VEGAS STRIP PLAZA, LLC, a foreign limited liability company; JGB VEGAS RETAIL LESSEE, LLC, a foreign limited liability company; PARBALL NEWCO, LLC, dba HORSESHOE LAS VEGAS, a foreign limited liability company; ABV HARVEST, LLC, a Delaware limited liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO: A-25-921876-C<br><br>DEPT . 11<br><br>**DEFENDANT JGB VEGAS RETAIL LESSEE, LLC'S DEMAND FOR SECURITY OF COSTS** |

TO: CHARLES R. GROTEFEND, an individual, Plaintiff; and

TO: DAVID T. GLUTH, ESQ., Attorney for Plaintiff.

NOTICE IS HEREBY GIVEN pursuant to NRS §18.130, that JGB VEGAS RETAIL LESSEE, LLC, Defendant in the above-entitled case, hereby demands and requests security from

Plaintiff CHARLES R. GROTEFEND, a non-resident of this State, for Defendant's costs and charges which may be awarded herein against Plaintiff in the sum of Five Hundred Dollars ($500.00).

DATED this 21st day of August, 2025.

**LINCOLN, GUSTAFSON & CERCOS, LLP**

*/s/ Loren S. Young*
**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**STEFANY TEWELL, ESQ**.
Nevada Bar No. 6144
7670 W. Lake Mead Blvd., Suite 200
Las Vegas, Nevada 89128
Attorney for Defendant, JGB VEGAS RETAIL LESSEE, LLC

**Charles R. Grotefend v VPC Las Vegas Strip Plaza, LLC et al.,**
**Clark County Case No. A-25-921876-C**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2025, I served a copy of the attached **DEFENDANT JGB VEGAS RETAIL LESSEE, LLC'S DEMAND FOR SECURITY Of COSTS** via electronic service to all parties on the Odyssey E-Service Master List as follows:

David T. Gluth, Esq
HENNESS & HAIGHT
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
david@hennessandhaight.com
Attorneys for Plaintiff

/s/ Sarah Fernández Tabet____
Sarah Fernández Tabet, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP